FILED
DEC 14 2006
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
BENTON OFFICE

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES of AMERICA, | : |
| Plaintiff/Respondent, | : Criminal No.04:05CR40024 |
| vs. | : |
| AMANDA WORTMAN, | : |
| Defendant/Petitioner. | : |

### MEMORANDUM AND ORDER

Before the Court is Defendant Amanda Wortman's ("Wortman") Renewed Motion for Bond Pending Appeal (Doc. 120). The government has responded to the motion (Doc. 123), and Wortman has replied to that response (Doc. 124).

On February 1, 2006, a jury found Wortman guilty of one count of destroying a CD-ROM with the intent to impede, obstruct or influence an FBI investigation, in violation of 18 U.S.C. § 1519. On June 8, 2006, the Court sentenced Wortman to serve 12 months and 1 day in prison, but allowed Wortman to remain free on bond until October 16, 2006, when she was ordered to report to the Bureau of Prison's facility to which she had been assigned. Wortman did not appeal her sentence at the time.

Several months later, Wortman filed a motion under 28 U.S.C. § 2255 alleging that her trial counsel was constitutionally ineffective because he failed to file a notice of appeal after she asked him to do so. *See* Case No. 06-cv-774-JPG. During the pendency of the proceedings, the Court extended Wortman's reporting date an additional 30 days, and Wortman reported in a timely manner. The Court ultimately granted the § 2255 motion and allowed Wortman to proceed as if on appeal in this criminal case. She then filed the pending motion for release pending the outcome of her appeal.

Release pending appeal is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3143(b). That statute provides that generally the Court shall detain a person who has been found guilty of an offense and sentenced. The exception to this general rule is where the person has filed an appeal and the Court finds:

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in –
> (i) reversal,
> (ii) an order for a new trial,
> (iii) a sentence that does not include a term of imprisonment, or
> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

§ 3142(b)(1). Thus, before the Court can release a convicted and sentenced person during the pendency of his appeal, it must find (1) by clear and convincing evidence that he is not likely to flee or be dangerous if released, (2) that the appeal presents a substantial question of law or fact, and (3) that the appellate court is more likely than not to reverse the conviction or order a new trial on all counts. *United States v. Bilanzich*, 771 F.2d 292, 298 (7th Cir. 1985). If the Court makes the statutory findings, it must release the person pending appeal. The Court of Appeals for the Seventh Circuit "encourage[s] defendants facing relatively short sentences to seek release pending appeal or move for an expedited appeal because it is often difficult to file an appeal, docket it, set a briefing schedule, hear oral argument, and draft an opinion before a very short sentence has been served. *United States v. Jackson*, 32 F.3d 1101, 1104 (7th Cir. 1994).

The Court has found, and continues to believe, that Wortman is not likely to flee or be dangerous if she is released. As for the second factor, the Court finds that Wortman's appeal was not for the purpose of delay and may present a substantial question of law, namely, whether,

in light of the paucity of cases interpreting the statute, there was sufficient evidence to establish Wortman's guilt beyond a reasonable doubt. While this is a close call, the Court believes that there is a substantial likelihood that the appellate court would resolve this issue in Wortman's favor, which would almost certainly result in a new trial or a lesser sentence. Additionally, the Court finds, based on the limited 12 month and one day period of incarceration imposed by this Court, and the likelihood that Defendant will have served most, if not all, of her period of incarceration before her appeal is decided, the Court should grant defendant bond pending the outcome of her appeal. *See Jackson*, 32 F.3d at 1104.

For these reasons, the Court **GRANTS** Wortman's motion for a $1,000 bond pending appeal (Doc. ~~62~~ 120) in accordance with a forthcoming order setting conditions of release. The Court **ORDERS** that Wortman shall report to the Probation Office immediately upon return to the district and in no case later than 48 hours after her release.

The Court **DIRECTS** the Clerk of Court to fax this forthwith to the warden of FCI-Danbury, Connecticut, at 203-312-5110, and to Ronald Troutman, Records Department at FCI-Danbury, Connecticut, at 203-312-5102..

**IT IS SO ORDERED.**
**DATED: December 14, 2006**

J. PHIL GILBERT
DISTRICT JUDGE

3